Metcalf, J.
This is an action on a joint and several covenant made by the individual members of two firms. A debtor of these firms, who owed one of them $4,779.35, and the other $4,043.65, and who also owed the plaintiff $1,150, gave the plaintiff a mortgage of personal property to secure these several debts. Before breach of the condition of this mortgage, the plaintiff, at the instance of the defendants, empowered them to take possession of the mortgaged property, and convert it into money. The defendants, thereupon, covenanted with him, that as soon as the cash should be realized by the sale and disposition of the mortgaged property, each of said firms should pay him five hundred dollars, to his sole use. For an alleged breach of this covenant, the members of these two firms are now sued jointly.
We incline to the opinion, that the plaintiff is right in his construction of this covenant • to wit, that the words, “ as *213 soon as the cash shall be realized,” mean, not the whole proceeds of the mortgaged property, but the cash which the defendants covenanted to pay to the plaintiff; and that the true interpretation of the covenant is, that as soon as $1,000 are realized in cash, from the sale and disposition of the mortgaged property, each of said firms shall pay $500 to the plaintiff.
The plaintiff then takes this position: “ That the defendants, in point of law, have received, in cash, $1,000, or what is equivalent to money.” And he relies on the cases in which actions for money had and received, and for money paid, have been maintained, where one has received the amount of another’s debt, or has satisfied another’s debt, in money’s worth, instead of money itself. But these are cases in which a defendant’s liability is imposed by law, or principles of equity, without reference to any special contract of the parties. Thus a party, whose duty it is to receive money, on the sale of another’s property, but who receives notes or goods, is held liable to the claimant in an action for money had and received; being estopped to deny that he has received the money. So a surety, whose land is set off on execution to satisfy the debt of the principal, is entitled to indemnity; and as his land has satisfied that debt, the principal is held liable to him in an action for money paid. And so of many similar cases. The present action, however, is brought on a special contract, in which the defendants covenanted to pay the plaintiff $1,000, “ so soon as the cash ” should “ be realized from the sale and disposition ” of certain property. Notes on time, taken for the property sold, are not cash, within the meaning of this covenant. Still less is the mortgaged property itself, part of which the defendants took, to be deemed cash. And there was an obvious reason why the defendants should desire, and the plaintiff consent, that payment to the plaintiff should be deferred, till the cash should be realized. The property was at Detroit, and was to be sold. And sales to any considerable amount are generally on a credit, longer or shorter. The parties evidently had reference to these facts; and fhe defend* *214 ants did not mean to advance money to the plaintiff, but to pay him from the cash receipts of the sale.
It was suggested for the plaintiff, in the argument, that the defendants may be considered as having received the cash, and to have invested it in the notes which they took; or that, as Welles, the mortgagor, has been discharged from the plaintiff’s claims, by the defendants, they may be charged as for money had and received. But the court cannot adopt either of these suggestions.
.There are cases, in which defendants have been charged m actions for money had and received, when they have received notes for another’s dues or property, and nothing further appears after a considerable lapse of time beyond that at which the notes were made payable. The legal presumption is, ip such cases, in the absence of proof to the contrary, that the defendants have collected the notes. But in this case there is no such presumption.
If the defendants had so managed the matter, as never to have received any cash for the mortgaged property; if they had given it all up to the mortgagor, for the purpose of evading their contract with the plaintiff; he might doubtless have a remedy against them, of some kind. And so, if they have discharged his claims against the mortgagor, as the plaintiff, in argument, alleges that they have, they may be liable to him for that act; but not on this covenant to pay him when the cash should be realized from the sale.
As the defendants had not received $1,000 in cash, when this action was commenced, the action cannot be maintained.
The agreement of the parties at the trial was, that if the court should be of the opinion now announced, the plaintiff should be nonsuit, so far as relates to the defendants, who have appeared and pleaded. But the counsel for the plaintiff will consider whether, as the writ and declaration now are, he can safely take judgment as against the defendants who have been defaulted. Tuttle v. Cooper, 10 Pick. 281; Rev. Sts. c. 100, §§ 6, 7. Plaintiff nonsuit.